1
2
3
4
5
6

KIRK D. MILLER
Kirk D. Miller, PS
421 W. Riverside Avenue, Ste. 660
Spokane, WA  99201
(509) 413-1494 Telephone
(509) 413-1724 Facsimile
kmiller@millerlawspokane.com
*Attorney for Plaintiff*

7
8
9
10
11
12
13

BRIAN G. CAMERON
SHAYNE J. SUTHERLAND
Cameron Sutherland, PLLC
421 W. Riverside Avenue, Ste. 660
Spokane, WA  99201
(509) 315-4507 Telephone
(509) 315-4585 Facsimile
bcameron@cameronsutherland.com
ssutherland@cameronsutherland.com
*Attorneys for Plaintiff*

14
15

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

16
17
18
19
20
21
22

| | |
|---|---|
| ISAAC GORDON, an individual, and all those similarly situated,<br><br>        Plaintiff,<br><br> vs.<br><br>HEALTHY HALO INSURANCE SERVICES, INC., a California corporation,<br><br>        Defendant. | Case No.  2:19-cv-00387-TOR<br><br>**FIRST AMENDED COMPLAINT – CLASS ACTION**<br><br>JURY DEMANDED |

23
24
25

COMES NOW the Plaintiff, ISAAC GORDON, by and through his

attorneys of record, Kirk Miller of Kirk D. Miller, PS, and Brian G. Cameron and

FIRST AMENDED COMPLAINT – CLASS ACTION -
Page 1 of 23

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL.  509.413.1494
FAX  509.413.1724

Shayne J. Sutherland of Cameron Sutherland, PLLC, and for causes of action against the above-named Defendant, complains and alleges as follows:

## I.  INTRODUCTION

1.1    This case involves the Defendant's initiation or assistance in the transmission of commercial electronic text messages to Washington state recipients without first obtaining those recipients' clear and affirmative consent to receive such messages in violation of Washington's Consumer Protection Act (CPA), RCW 19.86, *et seq*., vis à vis the Defendant's violations of Washington's Commercial Electronic Mail Act (CEMA), RCW 19.190, *et seq.  See Wright v. Lyft*, 189 Wn.2d 718, 726, 406 P.3d 1149, 1152 (2017) (Washington's Legislature intended that that CEMA claims be brought under the CPA).

1.2    The Plaintiff brings this Complaint, on behalf of himself and a class of all others similarly situated, against Defendant HEALTHY HALO INSURANCE SERVICES, INC., (hereinafter "Defendant") pursuant to CR 23.

1.3    The Plaintiff seeks statutory damages, exemplary damages, declaratory and injunctive relief, costs and attorneys' fees, and other relief against the Defendant for its illegal "text spamming" to Washington consumers, businesses, and other cellular telephone users.

## II. IDENTITY OF THE PARTIES

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL.  509.413.1494
FAX  509.413.1724

2.1    Plaintiff Isaac Gordon is a natural person residing in Spokane County, Washington, who received one or more unsolicited commercial electronic text messages that were formulated, composed, sent, originated, initiated, and/or transmitted by the Defendant.

2.2    The Plaintiff and putative class members are consumers, business entities, and cellular telephone users residing in the state of Washington, each of whom is a "person" as that term is defined in RCW 19.190.010(11) and RCW 19.86.010(1).

2.3    Defendant Healthy Halo Insurance Services, Inc., is a California corporation that provides health insurance services and conducts related business activities throughout Washington.

2.4    Defendant Healthy Halo Insurance Services, Inc.'s, company headquarters is located at 2830 North Ontario Street in Burbank, California.

2.5    Defendant Healthy Halo Insurance Services, Inc., is a "person" as that term is defined in RCW 19.190.010(11) and RCW 19.86.010(1)

2.6    With respect to the allegations herein, the Defendant ratified the acts and omissions of its agents, servants, representatives, partners, and/or joint venturers acting within the course and scope of said agency, service, representation, and/or venture, and is subject to vicarious liability for the acts of these third parties.

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL.  509.413.1494
FAX  509.413.1724

### III.    STATEMENT OF JURISDICTION AND VENUE

3.1    Plaintiff is a resident of a different state than the Defendant. This Court has jurisdiction over the parties to this action pursuant to 28 USC § 1332, *et seq.*, and 28 USC § 1453, *et seq.*

3.2    The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3.3    Venue is proper in this District under 28 USC § 1391(b) because the Defendant conducts affairs and transacts business in this District, some or all of the unlawful acts giving rise to this Complaint occurred in this District, and the Plaintiff resides within the territorial jurisdiction of the court.

### IV.    CLASS ACTION ALLEGATIONS

4.1    The Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

4.2    The class consists of:

(a)    All persons, as that term is defined in RCW 19.190.010(11) and RCW 19.86.010(1);

(b)    Who are Washington residents;

(c)    To whom the Defendant initiated or assisted in the transmission of one or more commercial electronic text messages;

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.413.1494
FAX 509.413.1724

(d)     To a cellular telephone or pager service that is equipped with short message capability or any similar capability allowing the transmission of text messages;

(e)     Without obtaining the recipients' clear and affirmative consent to receive such messages in advance;

(f)     Within the previous four (4) years;

(g)     Through the date that the class is certified.

4.3     The identities of all class members are readily ascertainable from the contact records of the Defendant and those telephone users who have been targeted by the Defendant's unsolicited commercial electronic text messages.

4.4     Excluded from the Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and its respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

4.5     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Fed. R. Civ. P. 23, because there is a well-defined community interest in the litigation:

(a)     **Numerosity:**  The Class defined above is so numerous that joinder of all members would be impractical.  The Defendant serves an actual and potential customer base of thousands or more of individuals in Washington

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL.  509.413.1494
FAX  509.413.1724

to whom the Defendant regularly transmits or assists in the transmission of unsolicited commercial electronic text messages.

(b)    **Common Questions Predominate:**  Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's initiation or assistance in the transmission of unsolicited commercial electronic text messages to Washington recipients violates Washington's CPA, RCW 19.86, *et seq.*, vis à vis the Defendant's violations of Washington's CEMA, RCW 19.190, *et seq.*, per *Wright*, 189 Wn.2d at 726, 406 P.3d at 1152.

(c)    **Typicality:**  Plaintiff's claims are typical of the claims of the class members.  Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common, uniform course of conduct complained of herein.

(d)    **Adequacy:**  Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. The Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions.  Neither the

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL.  509.413.1494
FAX  509.413.1724

Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)    **Superiority:**  A class action is superior to the other available means for the fair and efficient adjudication of this controversy, because individual joinder of all members would be impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individuals' actions would engender.

4.6    Certification of a class under Fed. R. Civ. P. 23(b)(3) is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.7    The Plaintiff's claims apply to the Defendant's illegal acts and omissions occurring in the four years preceding the filing of this case, through the date that the class is certified.

## V.   PLAINTIFF'S ALLEGATIONS OF FACT

5.1    The Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL.  509.413.1494
FAX  509.413.1724

5.2     The Plaintiff is an individual Washington resident who regularly uses a cellular telephone or similar device with the capacity to send and receive transmissions of electronic text messages.

5.3     The Defendant is a health insurance services agency that operates throughout Washington and the United States.

5.4     The Defendant initiated the transmission of electronic text messages promoting its commercial brand, insurance products, and related services through both "short-code" and "long-code" telephone numbers assigned to the Defendant.

5.5     The Defendant assisted in the transmission of electronic text messages promoting its commercial brand, insurance products, and related services.

5.6     The Defendant did not obtain the Plaintiff's clear and affirmative consent to receive its commercial electronic text messages prior to initiating or assisting in the transmission of those messages.

5.7     The Defendant did not obtain the Plaintiff's written consent to receive its commercial electronic text messages prior to initiating or assisting in the transmission of those messages.

5.8     The Plaintiff did not consent, affirmatively or otherwise, to receive commercial electronic text messages from the Defendant or its intermediaries, agents, assistants, or proxies.

FIRST AMENDED COMPLAINT – CLASS ACTION -
Page 8 of 23

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL.  509.413.1494
FAX  509.413.1724

5.9    Beginning in August 2019, the Plaintiff received at least three unsolicited commercial electronic text messages promoting the Defendant's brand, products, and services.

5.10    Beginning in August 2019, the Defendant initiated the transmission of at least three unsolicited commercial electronic text messages promoting its brand, products, and services to the Plaintiff.

5.11    Beginning in August 2019, the Defendant assisted in the transmission of at least three unsolicited commercial electronic text messages promoting its brand, products, and services to the Plaintiff.

5.12    On August 20, 2019, and again on August 27, 2019, and again on August 29, 2019, the Defendant transmitted or assisted in the transmission of three separate and identical messages, each stating "Hi it's Rick.  I'm the Benefits Director at BuyHealthInsurance.com [hyperlinked] I reviewed your file & found a health plan that is VERY affordable.  Call me at 855-327-8218 [hyperlinked]," as follows:

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL.  509.413.1494
FAX  509.413.1724

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25



5.13   The long-code telephone number 855-327-8218, which was assigned to the Defendant, connected callers to a Healthy Halo salesperson through an imbedded hyperlink.

5.14   The short-code telephone number 909090 was utilized by the Defendant to transmit or assist in the transmission of the unsolicited commercial electronic text messages to the Plaintiff.

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL.  509.413.1494
FAX  509.413.1724

5.15   BuyHealthInsurance.com is a website, hosted and operated by the Defendant, that promotes various commercial health insurance products and services.

5.16   The unsolicited commercial electronic text messages the Defendant transmitted or assisted in transmitting to the Plaintiff included a hyperlink to connect to the Defendant's BuyHealthInsurance.com website and a separate hyperlinked telephone number to call the Defendant's sales agents.

5.17   The unsolicited commercial electronic text messages the Defendant transmitted or assisted in transmitting to the Plaintiff did not include an "opt-out" or "stop" option enabling the recipient to preclude further unsolicited commercial electronic text messages.

5.18   RCW 19.190.060(1) states, in its entirety:

> No person conducting business in the state may initiate or assist in the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service that is equipped with short message capability or any similar capability allowing the transmission of text messages.

5.19   Beginning in August 2019, the Defendant transmitted at least three commercial text messages to the Plaintiff's telephone number, which was equipped with short message capability allowing the transmission of text messages.

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL.  509.413.1494
FAX  509.413.1724

5.20   Beginning in August 2019, the Defendant provided substantial assistance or support that enabled one or more third-parties to formulate, compose, send, originate, initiate, or transmit at least three unsolicited commercial electronic text messages to the Plaintiff, knowing or consciously avoiding knowing that those third parties intended to transmit or assist in transmitting commercial electronic text messages to the Plaintiff.

5.21   The Defendant provided substantial assistance or support that enabled one or more third parties to formulate, compose, send, originate, initiate, or transmit its unsolicited commercial electronic text messages to targeted recipients, including the Plaintiff, without first obtaining those recipients' clear and affirmative consent to receive such messages.

5.22   The Defendant operates a marketing program in which it transmitted unsolicited commercial electronic text messages to the Plaintiff without his clear and affirmative consent to receive such messages.

5.23   The Defendant operates a marketing program that enabled one or more third parties to transmit unsolicited commercial electronic text messages to the Plaintiff without his clear and affirmative consent to receive such messages.

5.24   The Defendant formulated the processes, procedures, and content associated with its marketing program, which enabled one or more third parties to

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL.  509.413.1494
FAX  509.413.1724

transmit its unsolicited commercial electronic text messages to the Plaintiff without his clear and affirmative consent to receive such messages.

5.25    The Defendant initiated the processes and procedures that enabled one or more third parties to transmit its unsolicited commercial electronic text messages to the Plaintiff without his clear and affirmative consent to receive such messages.

5.26    The Defendant composed the content of its unsolicited commercial electronic text messages transmitted through one or more third parties to the Plaintiff without his clear and affirmative consent to receive such messages.

5.27    The processes, procedures, and content of the Defendant's marketing program, which enabled existing users to transmit its unsolicited commercial electronic text messages to the Plaintiff, without his clear and affirmative consent to receive such messages, originated from the Defendant.

5.28    The Defendant formulated the systems, platforms, processes, and procedures that enabled it or its agents to transmit its unsolicited commercial electronic text messages to the Plaintiff without his clear and affirmative consent to receive such messages.

5.29    In the alternative to the preceding allegation, the Defendant enabled and encouraged its agents to formulate individualized processes and procedures within a third-party system, which was then was utilized to transmit or re-transmit

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL.  509.413.1494
FAX  509.413.1724

its commercial electronic text messages to ultimate recipients, including but not limited to the Plaintiff.

5.30   The Defendant provided substantial assistance that enabled one or more third parties to formulate, compose, send, originate, initiate, or transmit its unsolicited commercial electronic text messages to the Plaintiff.

5.31   In the alternative to the preceding allegation, the Defendant enabled and encouraged its agents to compose or modify some of the narrative content and functionality of the commercial electronic text messages transmitted to the Plaintiff and others by providing those agents with various messages, business contact information, hyperlinks, and other messaging elements that conformed with the Defendant's marketing program specifications, which was utilized to transmit or re-transmit it commercial electronic text messages to targeted recipients, including but not limited to the Plaintiff.

5.32   The Defendant intended and expected its agents to transmit the commercial electronic text messages the Defendant assisted in formulating, composing, sending, originating, initiating, or transmitting, including but not limited to the messages sent to the Plaintiff.

5.33   In the alternative to directly transmitting commercial electronic text messages to targeted recipients, including but not limited to the Plaintiff, the Defendant enabled and encouraged its agents to send commercial electronic text

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL.  509.413.1494
FAX  509.413.1724

messages by providing those agents with the messaging content and economic incentives to transmit or retransmit such messages to ultimate recipients, including but not limited to the Plaintiff.

5.34   The Defendant composed the narrative content and established the hyperlinks that comprised the commercial electronic text messages that were transmitted to targeted recipients, including the Plaintiff, directly or through the Defendant's agents.

5.35   In the alternative to the preceding allegation, the Defendant enabled and encouraged its agents to originate commercial electronic text messages by developing and supplying those agents with the message content, contact information, schedules, and financial incentives to transmit or retransmit such messages to targeted recipients, including but not limited to the Plaintiff.

5.36   The Defendant composed and supplied the narrative content of the commercial electronic text messages, which enabled and encouraged its agents to transmit virtually identical commercial electronic text messages to targeted recipients, including but not limited to the Plaintiff.

5.37   The Defendant established and supplied the hyperlinks between the commercial electronic text messages and the Defendant's website and mobile applications, which enabled and encouraged its agents to transmit virtually

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL.  509.413.1494
FAX  509.413.1724

identical commercial electronic text messages to targeted recipients, including but not limited to the Plaintiff.

5.38 The Defendant maintained and promoted its website, mobile application, text-messaging campaigns, and other elements of their health services marketing program that enabled and encouraged its agents to transmit commercial electronic text messages to targeted recipients, including but not limited to the Plaintiff.

5.39 In the alternative to preceding allegations on this point, the Defendant initiated the transmission of commercial electronic text messages by acting as the original sender of those messages to agents, who then re-transmitted the same messages to ultimate recipients, including but not limited to the Plaintiff.

5.40 In the alternative to preceding allegations on this point, the Defendant transmitted commercial electronic text messages through short-code or long-code numbers and transmission services, which were assigned to the Defendant, to known third parties, who then re-transmitted the same messages to ultimate recipients, including but not limited to the Plaintiff.

5.41 In the alternative to preceding allegations on this point, the Defendant enabled and encouraged its agents to transmit commercial electronic text messages, utilizing their own long-code numbers and assigned transmission services, by developing and supplying those agents with the technology, message content, and

FIRST AMENDED COMPLAINT – CLASS ACTION -
Page 16 of 23

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.413.1494
FAX 509.413.1724

incentives to transmit or retransmit such messages to ultimate recipients, including but not limited to the Plaintiff.

5.42   The Defendant provided substantial assistance or support that enabled its intermediaries, agents, assistants, or proxies, to formulate, compose, send, originate, initiate, or transmit unsolicited commercial electronic text messages to ultimate recipients, including the Plaintiff, knowing or consciously avoiding knowing that those persons intended to transmit or retransmit commercial electronic text messages to telephone numbers assigned to Washington residents.

5.43   Transmitting or assisting the transmission of a commercial electronic text message is a black-letter violation of CEMA at RCW 19.190.060(1).

5.44   A violation of CEMA is a *per se* violation of Washington's CPA, RCW 19.86, *et seq.*, vis à vis RCW 19.190.100 and per *Wright*, 189 Wn.2d at 726, 406 P.3d at 1152.

5.45   CEMA provides a "safe harbor" regarding liability for persons who can show that that the recipient of a commercial electronic text message clearly and affirmatively consented in advance to receive such text messages under RCW 19.190.070.

5.46   The Defendant cannot show that the recipients of its commercial electronic text messages, including but not limited to the Plaintiff, clearly and affirmatively consented in advance to receive such text messages.

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL.  509.413.1494
FAX  509.413.1724

5.47   The Defendant cannot show that the recipients of its commercial electronic text messages, including but not limited to the Plaintiff, consented in writing prior to receiving such text messages.

5.48   In addition to transmitting or assisting in the transmission of unsolicited commercial electronic text messages promoting its brand and services to the Plaintiff, the Defendant, directly or through its agents, assistants, and proxies, has initiated or assisted in the transmission of commercial electronic text messages to hundreds or more of Washington recipients without first obtaining those recipients' clear and affirmative consent to receive such messages.

5.49   As a result of the Defendant's actions and omissions, the Plaintiff has suffered injuries-in-fact, including invasions of privacy, intrusion upon and occupation of the capacity of his telephone chattels, and wasted time and attention in tending to unsolicited and unwanted junk text messages.

5.50   As a result of the Defendant's actions and omissions, the Plaintiff is entitled to recover statutory damages of at least $500 for each of the Defendant's violations, plus actual damages, costs, and fees as provided by applicable statutes.

## VI.   CAUSE OF ACTION

### Violation of Washington's Consumer Protection Act

### RCW 19.86, *et seq.*

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL.  509.413.1494
FAX  509.413.1724

6.1    The Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

6.2    Washington's CPA states in part that: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."  RCW 19.86.020.

6.3    The Defendant engaged in unfair acts and practices in the conduct of trade or commerce in a manner that offended the public interest and caused injury to the Plaintiff and actually injured, has the capacity to injure, or had the capacity to injure other persons.

6.4    The actions and omissions of the Defendant violated RCW 19.86, *et seq*.

6.5    Washington's CEMA prohibits any "person," as that term is defined in RCW 19.190.010(11), from initiating or assisting in the transmission of an unsolicited commercial electronic text message to a Washington resident's cellular phone or similar device

6.6    Washington's CEMA provides a "safe harbor" for persons who can show that a recipient of their commercial electronic text message has clearly and affirmatively consented in advance to receive such text a message.  RCW 19.190.070(1)(b).

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL.  509.413.1494
FAX  509.413.1724

6.7     The Defendant initiated or assisted in the transmission of one or more commercial electronic text messages to the Plaintiff and putative class members without first obtaining those recipients' clear and affirmative consent to receive such messages.

6.8     The actions and omissions of the Defendant violated RCW 19.190.060(1).

6.9     Pursuant to RCW 19.190.100, initiating or assisting in the transmission of unsolicited commercial electronic text messages is an unfair or deceptive act in trade or commerce and an unfair method of competition for purposes of applying the CPA.

6.10     Pursuant to RCW 19.190.100, initiating or assisting in the transmission of unsolicited commercial electronic text messages is a matter vitally affecting the public interest for purposes of applying the CPA.

6.11     Pursuant to RCW 19.190.100, initiating or assisting in the transmission of unsolicited commercial electronic text messages is not reasonable in relation to the development and preservation of business.

6.12     Pursuant to RCW 19.19.040(1), damages to each recipient of a commercial electronic text message sent in violation of the CEMA are the greater of $500 for each such message or actual damages, which establishes the injury and

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL.  509.413.1494
FAX  509.413.1724

causation elements of a CPA claim as a matter of law. *Wright*, 189 Wn.2d at 732, 406 P.3d at 1155 (2017).

6.13   As a result of the Defendant's actions and omissions, and pursuant to RCW 19.86.090, the Plaintiff and members of the putative class are each entitled to recover $500, plus exemplary damages of $1,500, plus costs and reasonable attorneys' fees for each CEMA violation committed by the Defendant.

## I.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

7.1   Declaring that this action is properly maintainable as a Class action and certifying the Plaintiff as Class representative and Kirk D. Miller of Kirk D. Miller, PS, and Brian G. Cameron and Shayne J. Sutherland of Cameron Sutherland, PLLC, as Class Counsel;

7.2   Awarding Plaintiff and the Class actual and statutory damages, costs, and fees pursuant to RCW 19.190.040(1) and RCW 19.86.090;

7.3   Awarding treble damages pursuant to RCW 19.86.090;

7.4   Granting injunctive relief prohibiting the Defendant from initiating or assisting in the transmission of unsolicited commercial electronic text messages without first obtaining targeted recipients' clear, affirmative, and express written consent to receive such messages;

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL.  509.413.1494
FAX  509.413.1724

7.5     Granting declaratory relief finding that the Defendant's conduct violated Washington's CEMA and CPA;

7.6     Awarding the Plaintiff his costs in this action, including reasonable attorneys' fees and expenses; and

7.7     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.


DATED this 14th day of January, 2020.


KIRK D. MILLER, PS


s/Kirk D. Miller
Kirk D. Miller, WSBA #40025
*Attorney for Plaintiff*


CAMERON SUTHERLAND, PLLC


s/Brian G. Cameron
Brian G. Cameron, WSBA #44905
Shayne J. Sutherland, WSBA #44593
*Attorneys for Plaintiff*

**CM/ECF CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on January 14, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system which will automatically generate a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

DATED this 14th date of January, 2020 at Spokane Washington.

wilsonem@lanepowell.com                Attorney for Defendant


s/Kirk D. Miller
Kirk D. Miller, WSBA No. 40025
Attorney for Plaintiff

FIRST AMENDED COMPLAINT – CLASS ACTION -
Page 23 of 23

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL.  509.413.1494
FAX  509.413.1724