FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 20, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ISAAC GORDON, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>  v.<br><br>HEALTHY HALO INSURANCE SERVICES INC., a California Corporation,<br><br>                  Defendant. | NO. 2:19-CV-0387-TOR<br><br>ORDER PARTIALLY GRANTING MOTION FOR RECONSIDERATION AND REMANDING TO SPOKANE COUNTY SUPERIOR COURT |

BEFORE THE COURT is Plaintiff's Motion for Reconsideration (ECF No. 13). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Plaintiff's Motion for Reconsideration (ECF No. 13) is **GRANTED IN PART**.

ORDER PARTIALLY GRANTING MOTION FOR RECONSIDERATION
AND REMANDING TO SPOKANE COUNTY SUPERIOR COURT ~ 1

## BACKGROUND

This case arose following the transmission of text messages promoting Defendant's health insurance business, which Plaintiff alleges violates the Washington Consumer Protection Act by way of the Washington Commercial Electronic Mail Act ("CEMA"). Plaintiff initially commenced this action against Defendant Healthy Halo Insurance Services, Inc. ("Healthy Halo") and a second Defendant, CallFire, Inc. ("CallFire"), in Spokane County Superior Court. ECF No. 1-2 at 2-16. CallFire then removed the case to federal court on the basis of class action diversity jurisdiction. ECF No. 1 at 3-7, ¶¶ 9-19. CallFire was subsequently dismissed by stipulation pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). ECF No. 6.

Following removal, Plaintiff filed an Amended Complaint, which is the current operative Complaint. ECF No. 7. Defendant filed an Answer, ECF No. 9, and the parties jointly filed a Joint Certification and Proposed Discovery Plan, ECF No. 11. On February 21, 2020, after reviewing the filings, this Court entered a sua sponte "Order Dismissing Complaint with Leave to Amend." ECF No. 12. On February 26, 2020, Plaintiff filed a Motion for Reconsideration. ECF No. 13. On March 13, 2020, Defendant filed a Response to the Motion for Reconsideration. ECF No. 17. On March 18, 2020, Plaintiff filed a Reply. ECF No. 18.

**DISCUSSION**

**A. Removal Proceedings**

Plaintiff requests this Court remand this case to state court rather than dismissing the action. ECF No. 13 at 3. Defendant does not object to Plaintiff's request to remand. ECF No. 17 at 1-2. The relevant removal statue states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Remand is the correct remedy" when a district court lacks subject-matter jurisdiction because "the *federal* courts have no power to adjudicate the matter." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (citing *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989)) (emphasis in original).

"If the removal suffers from procedural defects, the Plaintiff is responsible for bringing those defects to the attention of the district court in a timely motion to remand." *Polo*, 833 F.3d at 1196. This case differs procedurally from other removal cases because Plaintiff apparently objected to removal but filed an Amended Complaint alleging federal jurisdiction rather than bringing a motion for remand. ECF No. 7. Plaintiff specifically alleged in the Amended Complaint that federal subject-matter jurisdiction exists based on the parties' diversity of citizenship and that the amount-in-controversy exceeds $75,000. ECF No. 7 at 4, ¶¶ 3.1-3.2; ECF No. 13; *see* 28 U.S.C. § 1332 (diversity jurisdiction statute).

Because Plaintiff chose to amend the Complaint rather than challenge removal, the Court dismissed the Amended Complaint with leave to amend in anticipation that Plaintiff could sufficiently allege federal subject-matter jurisdiction with amendment. However, in consideration of the relevant legal principles and the parties' current agreement that federal subject-matter jurisdiction is not present, the appropriate remedy now is to remand this matter to state court.

### B. Attorney's Fees

Plaintiff requests attorney's fees and costs be awarded for "improvident removal" of this case to federal court. ECF No. 13 at 3. Defendant objects on the grounds that Defendant was not the party that removed this matter to federal court. ECF No. 17 at 1-2. When entering an order of remand, the Court may also award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has specified that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, Plaintiff does not specify which Defendant it proposes should be liable for Plaintiff's requested attorney's fees. ECF No. 13 at 3. Former Defendant CallFire removed this action to federal court. ECF No. 1. CallFire was then

dismissed from this action by Plaintiff's own stipulation. ECF No. 6. Defendant Healthy Halo did not consent to CallFire's removal and is now the only remaining Defendant. ECF No. 1 at 7, ¶ 20; ECF No. 17 at 2. Plaintiff has identified no legal authority to assess fees against Healthy Halo, who was not the removing party and did not consent to removal. Additionally, the Court no longer has jurisdiction over the removing party, CallFire, because Plaintiff previously stipulated to CallFire's dismissal from this action, "with no award of attorney's fees or costs to either party." ECF No. 6 at 1. Plaintiff is not entitled to an award of fees and costs under 28 U.S.C. § 1447(c).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Reconsideration (ECF No. 13) is **GRANTED IN PART**. Plaintiff's request for an award of attorney's fees is **DENIED**.
2. This case is hereby **REMANDED** to the Spokane County Superior Court for all further proceedings (no known file number assigned yet).
3. The District Court Executive is directed to enter this Order, furnish copies to counsel, <u>mail a certified copy to the Clerk of the Spokane County Superior Court</u>, and **CLOSE** this file.

**DATED** March 20, 2020.



THOMAS O. RICE
Chief United States District Judge

ORDER PARTIALLY GRANTING MOTION FOR RECONSIDERATION AND REMANDING TO SPOKANE COUNTY SUPERIOR COURT ~ 5